OPINION. Van Fossan, Judge: Petitioner, alleging that its excess profits taxes for the calendar years 1940, 1941, and 1942 are excessive and discriminatory, here seeks relief under the provisions of section 722, Internal Revenue Code.[2] Like relief is also sought for the year 1943 in order to establish an unused excess profits credit carry-back to the years 1941 and 1942. As grounds for the relief sought, petitioner specifically invokes subsections (2) and (4) of section 722 (b).[3] The ultimate findings of fact appearing above, both denying the conclusions asked by petitioner, are dispositive of this case. The simple fact is that petitioner has failed in its efforts to establish that it is entitled to relief within the meaning of subsections 722 (b) (2) and (b) (4). As to subsection 722 (b) (2), it has established neither the existence of a price war, nor, assuming its existence, the depressing effect thereof on petitioner’s business. Normal competition, however severe, is not a qualifying factor for relief. We cannot, on the record, conclude that the competition experienced by petitioner was either unusual or temporary. Likewise, as to subsection 722 (b) (4), the proof falls short of establishing a substantial change in the character of petitioner’s business and operations. The addition of a new product or a mere change of shape and useful purpose of articles manufactured does not, without more, qualify under the statute. The departure from previous operation must be real. Moreover, it must be proved that the higher level of earnings was directly attributable to the new product. The operation, and character of products of many business concerns are constantly changing. But to afford a basis for relief the incidence of the change must be unusual and substantial and must be affirmatively reflected in the financial history of the company. Such a cause and effect are not here proven. Petitioner having failed to demonstrate that it is qualified for relief under subsection 722 (b) (2) or (4), we need not discuss its reconstruction of base period net income under those subsections. It is sufficient to say that the proof does not establish a fair and just amount representing normal earnings that would result in a greater excess profits credit than that heretofore allowed and computed by respondent under the so-called growth formula. Keviewed by the Special Division. Decision will be entered for the respondent. SEC. 722. GENERAL RELIEF — CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME. (a) General Rule. — I» any case in -which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net Income for the purposes of an excess profits tax based upon comparison of normal earnings and earnings during an excess profits tax period, the tax sht '1 be determined by using such constructive average base period net income In lieu of the average base period net income otherwise determined under this subchapter. * * * While petitioner’s claims for refund filed with the Commissioner and the pleadings herein contained claims based upon other subsections of section 722 (b), such other claims have not been pressed or developed in petitioner’s brief. We, therefore, consider them to have been abandoned. Green Spring Dairy, Inc., 18 T. C. 217.